UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-429-RJC

| | | |
|---|---|---|
| TERRY JACKSON BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Petitioner's Successive Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), and on Petitioner's *pro se* "Motion to Amend Defendants 2244(b)(3) and 2255(h)(2) Successive Motion Pursuant to Rule 15(c)(2)," (Doc. No. 10).

Petitioner pled guilty to several offenses in 2006 and was sentenced as a career offender. In 2016, Petitioner filed a § 2255 Motion to Vacate in this case through the Federal Defender's Office pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), challenging his career offender enhancement.[1] Specifically, he argued that the enhancement was based on North Carolina convictions for armed robbery, escape, and assault on an officer. The § 2255 petition was denied as successive pursuant to Beckles v. United States, 137 S.Ct. 886 (2017), and the case was closed. (Doc. No. 11).

---

[1] The Federal Defender's Office was later permitted to withdraw from the representation and Petitioner proceeded *pro se*.

1

The Government's Motion to Dismiss will be denied as moot because the § 2255 petition was already dismissed pursuant to § 2244.

In his Motion to Amend, Petitioner argues that his sentence is unconstitutional because his prior North Carolina convictions for misdemeanor assault and walk-away escape are not crimes of violence and that he should be granted relief because the 2003 U.S. Sentencing Guidelines under which he was sentenced were mandatory. He argues that this claim relates back to his original § 2255 Motion to Vacate in this case under Rule 15(c)(2) of the Federal Rules of Civil Procedure. However, Petitioner does not provide any reason why the Court should re-hear his challenges to the same prior convictions that the Court previously rejected.[2] Therefore, the Motion to Amend will be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) The Government's Motion to Dismiss Petitioner's Successive Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), is **DENIED** as moot.

(2) Petitioner's *pro se* "Motion to Amend Defendants 2244(b)(3) and 2255(h)(2) Successive Motion Pursuant to Rule 15(c)(2)," (Doc. No. 10), is **DENIED**.

Signed: February 6, 2020

Robert J. Conrad, Jr.
United States District Judge

---

[2] Shortly after Petitioner filed his Motion to Amend, the Fourth Circuit issued its opinion in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), in which it held in the context of the one-year statute of limitation applicable to § 2255 petitions, that neither Johnson, Beckles, nor any other Supreme Court case has held that Johnson applies to the pre-United States v. Booker, 543 U.S. 220 (2005) mandatory sentencing guidelines. The Fourth Circuit denied rehearing *en banc*, United States v. Brown, 891 F.3d 115 (4th Cir. 2018), and the United States Supreme Court denied certiorari, Brown v. United States, 2018 WL 2877128 (Oct. 15, 2018).